UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DESHEA PAYTON, an
individual

       Plaintiff,                Case No. 1:23-cv-

vs.

COMMUNITY PROMISE FEDERAL
CREDIT UNION, a corporation, and
ANGELA BROWN, an individual

       Defendants.

---

William F. Piper (P38636)
William F. Piper, PLC.
*Attorney for Plaintiff*
1611 W. Centre Ave., Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

---

## **COMPLAINT**

    The plaintiff, Deshea Payton, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

    1.    The plaintiff Deshea Payton is an African American woman who lives in the City of Three Rivers, County of St. Joseph, State of Michigan.

    2.    This lawsuit arises out of the plaintiff's employment by the defendants in the County of Kalamazoo  and their termination of that employment by them on February 4, 2022.

    3.    The defendant is a corporation that did business in the County of Kalamazoo at all times relevant to this complaint that employed the defendant Angela Brown as its CEO at all time

relevant to this complaint.

4.    The defendant Angela Brown is an individual who resides in the east side of the State of Michigan, upon information and belief.

5.    This lawsuit arises in part under title VII of the Civil Rights Act of 1964, as amended, 42 USC §1981, and the pregnancy Discrimination Act, 42 USC §2000 e-(k).

6.    The E.E.O.C. issued Ms. Payton a right to sue letter on May 30, 2023.

7.    Jurisdiction arises under 28 USC §1331, 28 USC §1343, and this court's supplemental jurisdiction.

## COMMON ALLEGATIONS

8.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9.    The defendant corporation hired the plaintiff to work for it as a teller on January 4, 2022.

10.    Ms. Payton was the only African American within the branch where she worked.

11.    The defendant's CEO Ms. Brown harshly criticized Ms. Payton for her looking at her phone during down times at work and for the way she dressed, but she did not criticize the white employees who used their phones as much or more then her, and she did not criticize the white employees for the way they dressed.

12.    Ms. Payton also received complaints from customers that Ms. Brown was a racist, treated them badly because of their race and was disrespectful.

13.    Ms. Payton told her teller co-workers that she was thinking about going to the Board to complain about Ms. Brown's racially discriminatory and disrespectful behavior and because she could not effectively address Ms. Brown about it, and she asked them if there was a way to do it.

14.    One of her white co-workers then reported the conversation wherein Ms. Payton had objected to Ms. Brown's racially discriminatory and disrespectful comments and her desire to report it to the Board.

15.    On February 2, 2022, after finding out that she was pregnant, Ms. Payton notified the defendants, and she missed part of the day on February 2, 2022 as a result of having to attend a doctor's appointment regarding it.

16.    The defendants then had a meeting in which they discussed Ms. Payton and her pregnancy and the time she had missed from work on February 2, 2022.

17.    On February 4, 2022, in a phone call with Ms. Payton, Ms. Brown told Ms. Payton angrily, "you say you need to contact my Board instead of coming to me?"

18.    Ms. Payton responded by saying, "I didn't say I need to contact the Board.  I just asked if there was a way to do that.  That's all I asked."

19.    Ms. Brown angrily responded by saying, "And that is quite enough out of you. You are fired."

20.    As a result of the unlawful termination set forth above, Ms. Payton has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life and other damages.

## COUNT I – RACE DISCRIMINATION AND RETALIATION

21.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-20 of this complaint.

22.    The defendants terminated Ms. Payton's employment by them in part because of her race.

23.    The defendants also terminated Ms. Payton's employment by them in retaliation against her because of her complaint about racial discrimination and racially disrespectful conduct

by Ms. Brown, and because of her inquiry regarding how she could go the Board of the defendant about it.

24.     As a result of this unlawful termination, Ms. Payton has suffered and will continue to suffer the damages set forth above.

25.     These claims are actionable under Title VII of the Civil Rights Act of 1964, as amended; 42 USC §1981, 42 USC §1981(a), and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq., including MCL 37.2701.

WHEREFORE: the plaintiff request a judgment against the defendants that would include appropriate equitable relief, including reinstatement or front pay, appropriate legal relief, including compensation for her loss of income and benefits past and future, compensation for all of her non economic damages past and future, punitive damages, all recoverable interest, all recoverable attorney's fees, costs, and any other relief this court deems fair and just.

## COUNT II – PREGNANCY DISCRIMINATION

26.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-25 of this complaint.

27.     The defendants terminated Ms. Payton's employment by them because of her pregnancy.

28.     As a result of the wrongful termination set forth above, Ms. Payton has suffered and will continue to suffer the damages set forth above.

29.     This claim is actionable under title VII of the Civil Rights Act, of 1964, and, specifically, the Pregnancy Discrimination Act, 42 USC §2000 e-(k), and under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

WHEREFORE: the plaintiff request a judgment against the defendants that would include appropriate equitable relief, including reinstatement or front pay, appropriate legal relief, including

compensation for her loss of income and benefits past and future, compensation for all of her non economic damages past and future, punitive damages, all recoverable interest, all recoverable attorney's fees, costs, and any other relief this court deems fair and just.

Dated: August 15, 2023

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:    /s/ William F. Piper
       William F. Piper (P38636)
BUSINESS ADDRESS:
       1611 West Centre Ave., Ste 209
       Portage, Michigan 49024
       Phone: 269.321.5008
       Fax: 269.321.5009